UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAMIREZ, a minor, by and through his guardian ad litem, CECILIA SANTIAGO,<br><br>                Plaintiff,<br><br>v.<br><br>TRI CITY MEDICAL CENTER, *et al.*,<br><br>                Defendants. | Civil No. 10cv1194 L(NLS)<br><br>**ORDER GRANTING MOTION FOR REMAND [doc. #12]** |

Plaintiff seeks remand of this action to the Superior Court for the State of California, County of San Diego based upon defendants' untimely removal. Defendant Tri City Medical Center ("TCHD") opposes the motion. For the following reasons, the case will be remanded.

**1.    Procedural Background**

On March 18, 2009, plaintiff filed his complaint in the state court alleging a cause of action for medical negligence against TCHD and other defendants. The complaint was amended several times. The state court granted plaintiff's motion to file a fifth amended complaint ("FAC") at a hearing on April 30, 2010, but rejected certain limited aspects of plaintiff's

proposed pleading[1] and provided until May 14, 2010 for plaintiff to make the revisions. In the proposed and subsequently filed FAC, plaintiff alleges discrimination on the basis of race and/or national origin, 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964, in addition to state law claims. The federal claim giving rise to the right of removal was alleged for the first time in the FAC.

Although the proposed FAC containing the federal cause of action was provided to defendants as an attachment to plaintiff's motion to amend and leave to file the FAC in substantially the form presented was granted on April 30, 2010, the FAC was not filed until May 13, 2010.

In relevant part, 28 U.S.C. § 1446(b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, . . .

Failure to comply with the thirty-day time limitation renders the removal procedurally defective. "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

In the present case, the issue is when the thirty-day period for removal commenced. Plaintiff contends that defendants' removal of the action on June 3, 2010 was untimely because the state court granted his motion for leave to file the FAC, which contained the federal claim, on April 30, 2010. But defendants argue the removal would have been premature prior to the actual filing of the FAC, May 13, 2010.

---

[1] The state court declined to accept plaintiff's proposed FAC for the following reasons: the FAC "purports to change the caption of this lawsuit from *Santiago to Wosk* to *Ramirez v. Salpietra, R.N.*;" "alleges that Cecilia Santiago is a plaintiff"; "Paragraphs 43, 63, and 83 refer to 'both plaintiffs'"; "alleges that defendants' 'actions constituted discrimination against Daniel and his family on the basis of their race and/or national origin.'" (Plaintiff's Exh. E.) The state court noted that "[w]ithout correcting these problems, the Fifth Amended Complaint in its present form will cause confusion for the court staff and the parties." (*Id.*)

The Ninth Circuit has not answered the question of when removal becomes timely. There are at least three approaches to this question. One provides that the 30-day period for removal commences with the service of a motion to amend or stipulation permitting amendment. *See Lucente S.P.A. v. Apik Jewelry, Inc.*, 2007 WL 7209938, *2 (C.D. Cal. 2007)(citing *Webster v Sunnyside Corp.,* 836 F. Supp. 629, 631 (S.D. Iowa 1993); *Harriman v. Liberian Maritime Corp.,* 204 F. Supp. 205, 206-207 (D. Mass. 1962). As the *Lucente* case notes, this approach allows for removal even though the court may ultimately deny the motion to amend. In such a case, removal would be premature. *Id.*, *3.

The majority of courts considering this issue have held that the removal clock begins to run when the state court grants plaintiff's motion to amend to state a federal claim. *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998)("Until the state judge granted the motion to amend . . .the complaint did not state a federal claim, since the state judge might deny the motion. . . .); *see also Owings v. Deere and Co.*, 441 F. Supp.2d 1011, 1014 (S.D. Iowa 2006) (listing cases); *Graphic Scanning Corp. v. Yampol*, 677 F. Supp. 256, 258 (D.Del. 1988). The Ninth Circuit has stated: "[W]e don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006). As noted above, the state court granted plaintiff's motion to amend the complaint on April 30, 2010, but with directions to make some corrections to the proposed pleading that did not impact the substantive federal claim.

Like a small number of courts, defendants would have the Court require the actual filing of the FAC in order to start the removal period. *See Bezy v. Floyd County Plan Commission*, 199 F.R.D. 308, 313 (S.D. Ind. 2001); *Desmond v BankAmerica Corp.*, 120 F.2d 1201 (N.D. Cal. 2000)("removal of this case based on the addition of parties or claims, if available at all, will become available only upon the filing of an amended complaint"). The Court disagrees with this approach in the particular circumstances of this action.

At issue is the determination of the date that defendants clearly ascertained that the action could be removed. With the granting of plaintiff's motion to amend the complaint on April 30, 2010, the FAC clearly became removable. The few minor, non-substantive changes to the

1  proposed FAC that the state court wanted to see included in the filed FAC did not alter the fact
2  defendants knew that the federal claim could and would be asserted against them in the FAC
3  thus commencing the 30-day removal period.  This approach is consistent with the specific
4  language of the statute that does not require the filing of an amended complaint in order for the
5  case to become removable: "receipt by the defendant, through service or otherwise, of a copy of
6  an amended pleading, motion, order or other paper from which it may first be ascertained that
7  the case is one which is or has become removable" 28 U.S.C. § 1446(b).  Requiring defendants
8  to remove the case once the court granted plaintiff's motion to amend does not lead to the
9  situation where removal is premature.

10  The Court finds that defendants' removal was untimely in this case and is thus
11 procedurally defective.  The removal period began when the state court granted plaintiff's
12 motion to amend to state a federal claim in the FAC because it was at that point that defendants
13 first ascertained that the case was one that had become removable.  Although the proposed FAC
14 had some minor issues that caused the state court to decline to allow the pleading to be
15 immediately filed, those issues did not impact the notice to defendants that plaintiff was
16 asserting a federal cause of action that allowed the action to be removed.

17 For the reasons set forth above, plaintiff's motion for remand is **GRANTED**.  The Clerk
18 of the Court is directed to return this case to the Superior Court for the State of California,
19 County of San Diego, Case No. 37-2009-00085508-CU-MM-CTL.

20 **IT IS SO ORDERED.**
21 DATED: October 25, 2010

22
                                          _____
                                          M. James Lorenz
23                                        United States District Court Judge

24 COPY TO:
25 HON. NITA L. STORMES
   UNITED STATES MAGISTRATE JUDGE
26
   ALL PARTIES/COUNSEL
27
28